# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>Plaintiff,<br><br>v.<br><br>YOUNGBLOOD, et al.,<br><br>Defendants. | Case No. 1:17-cv-00859-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(Doc. 2)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Monico J. Quiroga, III, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2017, with an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Docs. 1, 2.) Since Plaintiff has three strikes under § 1915 and fails to show he was in imminent danger of serious physical injury at the time he filed this suit, Plaintiff's application to proceed *in forma pauperis* should be DENIED.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

## III. FINDINGS

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of three of Plaintiff's prior actions: *Quiroga v. Aguilara, et al.,* 1:15-cv-01202-LJO-MJS (PC), which was dismissed on August 18, 2016, for failure to state a cognizable claim; *Quiroga v. Food Service,* 1:15-cv-01203-EPG (PC), which was dismissed on August 23, 2016, for failure to state a cognizable claim; and *Quiroga v. King,* 1:15-cv-01697-AWI-MJS (PC), which was dismissed on February 8, 2017, for failure to state a cognizable claim. Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless his allegations show that, at the time he filed this action, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

The Court has reviewed Plaintiff's Complaint and finds that he does not meet the imminent danger exception. Plaintiff's allegations are based on events that allegedly occurred while he was held at the Lerdo Detention Facility in Bakersfield, California. (Doc. 1, pp. 4-7.) When Plaintiff filed this action, however, he was housed at High Desert State Prison in Susanville, California. Thus, even if the events Plaintiff alleges amounted to imminent danger,[1] Plaintiff was not subjected to such danger when he filed this action since he was no longer held at the Lerdo Detention Facility. *Andrews*, at 1053.

Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass the restriction of § 1915(g) on filing suit without prepayment of the filing fee since he previously received three strikes. Plaintiff may not proceed *in forma pauperis* and must submit the appropriate filing fee to proceed with this action.

## IV. RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis*, filed on June 28, 2017, (Doc. 2), should be DENIED and Plaintiff should be ordered to

---

[1] It is noteworthy that Plaintiff's allegations that the Kern County Sheriff is using a drone to "invade the sphere of the intellect and six (sic) senses" are not facially plausible and need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **(21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2017**              /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE